SUMMARY ORDER
Petitioner Gui Fang Chan (“Chan”) petitions, through counsel, for review of the BIA’s decision denying her application for asylum, withholding of removal, and Convention Against Torture (“CAT”) relief. Chan’s claims are based principally on the government’s alleged mistreatment of her father, a practitioner of Falun Gong, on account of his religion. Chan does not practice Falun Gong herself. We assume the parties’ familiarity with the underlying facts and procedural history.
Where, as here, the BIA affirms the decision of an immigration judge (“LJ”) summarily, this court reviews the IJ’s decision directly. Secaida-Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003). The factual findings of IJs are reviewed under the substantial evidence standard. See Jin Hui Gao v. U.S. Attorney Gen., 400 F.3d 963, 964 (2d Cir.2005) (per curiam). Because Chan did not appeal the IJ’s denial of her asylum claim to the BIA or to this corut, our review is limited to her withholding of removal and CAT claims. See Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 343 (2d Cir.2006); Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).
To qualify for withholding of removal under the Immigration and Nationality Act, an alien must establish that it is more likely than not that his or her life or freedom would be threatened on account of persecution based on race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); Islami v. Gonzales, 412 F.3d 391, 394-95 (2d Cir.2005). “Evidence of past persecution creates a rebuttable presumption that there is a clear probabili *174 ty of a future threat should the applicant be returned.” Xiao Ji Chen v. U.S. Dep’t of Justice, 434 F.3d 144, 156 (2d Cir.2006) (internal quotation marks and alteration omitted). The IJ’s finding that Chan was not herself subject to past persecution was supported by substantial evidence. And Chan did not present any evidence to show that she would have an objectively reasonable fear of persecution based on her father’s alleged mistreatment. Accordingly, we conclude that Chan’s petition for review must be denied with respect to her withholding of removal claim.
An applicant for relief under the CAT bears the burden of proving that he or she is more likely than not to be tortured if returned to the country of removal. Shu Ling Ni v. BIA, 439 F.3d 177, 179 (2d Cir.2006) (per curiam); 8 C.F.R. § 208.16(c)(2). Because Chan did not appeal her original CAT claim to the BIA, it is not preserved for review. See Xiao Ji Chen v. U.S. Dep’t of Justice, 434 F.3d 144, 148 n. 1 (2d Cir.2006). Before this court, Chan asserts that she would also be subject to torture upon return for (1) leaving China illegally, and (2) having a child in the United States. Because these claims were not raised at any stage in the administrative proceedings, we do not consider them either. See 8 U.S.C. § 1252(d)(1).
We have reviewed all of Chan’s arguments, and we have found them to be without merit. Accordingly, we DENY the petition for review.